PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BYRON SANTOS,

             Plaintiff,

      v.

OFFICER JONES, SERGEANT D.
FILIGHERA, SERGEANT HESSEL,
JOHN DOE #1-25, NURSE SOLOMON,
JANE DOE, *Collins Corr. Fac.
Superintendent*, DEP. KELLY, *Collins
Corr. Fac.*, LT. JOHN DOE, ORC
PARKER, ORC SMITH, ORC FISHER,
ORC SUPERVISOR NUE, JOHN - JANE
DOE, *Collins Corr. Fac. (PREA Dep.)*,
JOHN DOE, *Collins Corr. Grievance
Officer*,

             Defendants.

_____

**DECISION AND ORDER**

22-CV-6338-EAW

*Pro se* plaintiff, Byron Santos ("Plaintiff"), is a prisoner confined at the Mid-State Correctional Facility.  He filed a complaint asserting claims under 42 U.S.C. § 1983, alleging that while he was incarcerated at Collins Correctional Facility ("Collins"), Collins officials retaliated against him by ordering a sexual assault against him, sexually assaulting him, ignoring the assault, and/or denying him medical care.  (Dkt. 1).  He also has submitted an application to proceed *in forma pauperis* and has filed a signed authorization.  (Dkt. 2; Dkt. 5; Dkt. 19).  Plaintiff also has filed motions to be separated from his alleged attackers (Dkt. 6, Dkt. 7), motions to amend the caption (Dkt. 18; Dkt. 23), and a request for appointment of counsel (Dkt. 20) and other prejudgment remedies (Dkt. 24).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* (Dkt. 2; Dkt. 5) is granted.  Plaintiff's claims will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files an amended complaint as directed below.  Plaintiff's motions to amend the caption (Dkt. 18; Dkt. 23) and motions for separation orders (Dkt. 6; Dkt. 7) are denied as moot.  Plaintiff's motions for prejudgment remedies and for appointment of counsel (Dkt. 20; Dkt. 24) are denied without prejudice as premature.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization (Dkt. 2; Dkt. 5; Dkt. 19), he is granted permission to proceed *in forma pauperis*.  Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court must screen the complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the Court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2).  Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend

pleadings may be denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I.    THE COMPLAINT

In evaluating a complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases").  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff has sued Officer Jones ("Jones") for retaliating against him because of a sexual assault complaint Plaintiff filed against him in 2019.  (Dkt. 1 at 6); *see Santos v. Jones*, 1:19-cv-01042-EAW.   Plaintiff has sued Sergeant D. Filighera ("Filighera") for retaliating against Plaintiff by denying him mental health assistance and by ordering John Doe #1-25 ("Sexual Assault Doe Defendants") to assault and rape Plaintiff on April 28, 2022.  (Dkt. 1 at 6).  Plaintiff has sued the Sexual Assault Doe Defendants for assaulting him three times and raping him twice on April 28, 2022.  (*Id.*).  Plaintiff has sued Sergeant

Hessel ("Hessel") for retaliating against him for filing the 2019 sexual assault complaint against Jones. (*Id.*). Plaintiff has sued Lt. John Doe ("Lt. Doe") for authorizing and being involved in the assault and rape of Plaintiff. (*Id.* at 7). Plaintiff has sued Nurse Solomon ("Solomon") for denying Plaintiff his right to the patient's bill of rights and for denying him medical attention for his wounds that were presumably sustained during the assaults. (*Id.* at 6; *see also id.* at 9 (detailing injuries)). Plaintiff has sued Superintendent Jane Doe ("Superintendent Doe"), Dep. Kelly ("Kelly"), ORC Parker ("Parker"), ORC Smith ("Smith"), ORC Fisher ("Fisher"), ORC Supervisor Nue ("Nue"), John-Jane Doe (PREA Dep.) ("PREA Doe Defendants"), and Grievance Officer John Doe ("Grievance Officer Doe") (collectively with Jones, Filighera, the Sexual Assault Doe Defendants, Hessel, Lt. Doe, and Solomon, "Defendants") for failing to address his complaints of "fear for [his] safety and denied [him] a [separation] against" the Defendants who assaulted him. (*Id.* at 7-8).

Ordinarily, the Court reserves the remainder of this section to recite the story told by the facts alleged in the in the complaint. Here, the complaint consists entirely of conclusory allegations. Consequently, the Court has recited the allegations as they are relevant to the analyses set forth herein.

## II. ADMINISTRATIVE EXHAUSTION

Plaintiff states in his complaint that he has filed a grievance regarding assaults and rapes taking place on or about April 28, 2022, but that the grievance has not been resolved because it is still being investigated. (Dkt. 1 at 1). Plaintiff has also filed copies of grievances, many of which appear to be unrelated to the allegations made in his complaint. (*See* Dkt. 8-Dkt. 17; Dkt. 21; Dkt. 22).

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions."  *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)).  "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).  Proper exhaustion by DOCCS inmates includes appeal even where the inmate has filed a grievance but received no response.  *Cicio v. Wenderlich*, 714 F. App'x 96, 97-98 (2d Cir. 2018) (summary order) (citing N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, §§ 701.5(b)(2)(ii) and 701.6(g)(2)).

Administrative exhaustion prior to filing a complaint alleging sexual abuse or harassment is governed by 7 NYCRR § 701.3.  When a complaint concerns sexual harassment or assault, "an inmate is not required to file a grievance . . . to satisfy the [PLRA] exhaustion requirement".  *Id.* § 701.3(i) (citation omitted).  Instead,

> any allegation concerning an incident of sexual abuse or sexual harassment . . . shall be deemed exhausted if official documentation confirms that: (1) an inmate who alleges being the victim of sexual abuse or sexual harassment reported the incident to facility staff; in writing to Central Office Staff; to any outside agency that the department has identified as having agreed to receive and immediately forward inmate reports of sexual abuse and sexual harassment to agency officials under the PREA Standards; or to the department's Office of the Inspector General; or (2) a third party reported that an inmate is the victim of sexual abuse and the alleged victim confirmed the allegation upon investigation.

*Id.* (internal citations omitted).   Thus, if an inmate files a grievance concerning sexual abuse or sexual harassment, "[t]he complaint shall be deemed exhausted upon filing".   *Id.* Finally, "[a] sexual abuse or sexual harassment complaint may be submitted at any time," but "[a]cceptance of a late complaint does not waive the applicable statute of limitations with respect to any related lawsuit."   *Id.*

The allegations in Plaintiff's complaint along with the grievances attached indicate that Plaintiff may not have exhausted the available administrative remedies prior to filing suit for at least some of his claims.   Although failure to exhaust is an affirmative defense and, "inmates are not required to specially plead or demonstrate exhaustion in their complaints," *Jones v. Bock*, 549 U.S. 199, 216 (2007), if Plaintiff elects to replead his claims and file an amended complaint, he is cautioned that he must comply with the exhaustion requirements to the extent they are available to him, and "conclusory allegations that Plaintiff was subjected to retaliatory acts are insufficient to allege that an administrative remedy was unavailable," *Massey v. Bolanos*, No. 20 CIV. 8592 (LGS), 2021 WL 6125804, at *3 (S.D.N.Y. Dec. 28, 2021)

## III.   SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."   *Whalen v. Cnty. Of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).   "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation

of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quotation omitted).

### A. Inadequate Medical Care

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The first prong, a serious medical need, "exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit has explained:

> [medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702); *see also Banks v. Mannoia*, 890 F. Supp. 95, 99 (N.D.N.Y. 1995) ("The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain."). Ultimately, "[t]he essential test is one of medical necessity and not one simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (internal quotation marks and citation omitted).

The second, or subjective prong, exists when "the official charged with deliberate indifference . . . act[ed] with a sufficiently culpable state of mind." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and citations omitted). That is, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle* , 429 U.S. at 106.

Here, Plaintiff alleges that on or about April 28, 2022, he was sexually assaulted. (Dkt. 1 at 9, 15). As a result, he sustained cuts, bruises, a black eye, swollen feet, scrapes, knots, dizziness, and back pain, but he received no medical care until "[his] girlfriend called (OSI) to complain about [him] not receiving medical attention." (*Id.* at 9).

He summarily alleges that Solomon denied him medical attention for his wounds.  (*Id.* at 6).

Even assuming, for the purpose of this initial review, that Plaintiff can allege the first prong of this claim—a serious medical need, his bare allegation that Solomon provided no medical care is insufficient to state a denial of medical care claim.  Because the complaint contains no facts that show Solomon knew of and disregarded excessive risk to Plaintiff's health, it does not plausibly allege the second prong—deliberate indifference.  *See Hidalgo v. Kikendall*, No. 08-CV-7536, 2009 WL 2176334, at *4 (S.D.N.Y. July 22, 2009) (dismissing deliberate-indifference claim for inadequate medical care where the "absence" of "specific allegations as to how [the defendant] allegedly acted improperly" was "fatal to [plaintiff's] complaint").  Consequently, this claim is dismissed.  However, Plaintiff will be afforded an opportunity to replead as directed below.

### B. Retaliation

It is well settled that prison officials may not retaliate against prisoners for exercising their constitutional rights.  *See generally Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977).  To make out a § 1983 retaliation claim, a prisoner must present allegations that (1) he engaged in constitutionally protected speech or conduct, (2) the defendant took adverse action against him, and (3) there was a causal connection between the protected speech or conduct and the adverse action.  *Espinal*, 558 F.3d at 128.  It has been observed that prison retaliation claims are prone to abuse with respect to any decision that a prisoner may dislike.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).  And because of the "near inevitability of decisions and actions by prison officials to which prisoners will take exception and the ease with which claims of

retaliation may be fabricated, [courts] examine prisoners' claims of retaliation with skepticism and particular care." *Id.*; *accord Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) ("we are careful to require non-conclusory allegations"). Thus, in the Second Circuit, prisoner retaliation claims tend to "sift" into three categories: retaliation claims "supported by specific and detailed factual allegations"; claims that allege facts "giving rise to a colorable suspicion of retaliation"; and claims that allege retaliation "in wholly conclusory terms [and] may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983), *overruled on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

In this case, Plaintiff's retaliation claims against Jones and Hessel consist of wholly conclusory allegations that may be safely dismissed. Plaintiff alleges only that Jones and Hessel retaliated against him because of sexual misconduct complaints he filed in 2019. (Dkt. 1 at 6). Plaintiff does not identify what actions, if any, Jones and Hessel undertook that constitute the retaliation Plaintiff seeks to allege. As to Filighera, although the alleged retaliatory act—ordering the sexual assault of a prisoner—may be found to "deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights," *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004), this retaliation claim also falls into the category of conclusory because Plaintiff does not plausibly allege facts supporting an inference that his speech or conduct was causally related to Filighera's alleged conduct.

Plaintiff alleges that Filighera ordered the Sexual Assault Doe Defendants to assault him three times and rape him twice on April 28, 2022, in retaliation for filing a lawsuit against Jones in 2019. (Dkt. 1 at 6; *see also* Dkt. 11 at 2). Although it is undisputed that filing a lawsuit is protected conduct, Plaintiff does not allege facts from

which the Court can reasonably infer that the lawsuit against Jones was related to Filighera[1] or formed the basis for Filighera's alleged conduct.  *See Wright v. Goord*, 554 F.3d 255, 274 (2d Cir. 2009) (dismissing a retaliation claim against a correction officer where the only alleged basis for retaliation was a complaint written against another officer).  To plausibly allege the first element of his claim, Plaintiff must, at a minimum, allege facts that show Filighera was aware of the 2019 lawsuit against Jones.

Regarding the third element—a causal connection—a court may infer an improper or retaliatory motive in the adverse action from facts that demonstrate: "(1) the temporal proximity of the filing to the grievance and the disciplinary action; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; [or] (4) statements by the defendant regarding his motive for disciplining the plaintiff."  *Shariff v. Poole*, 689 F. Supp. 2d 470, 479 (W.D.N.Y. 2010).  Here, the complaint does not allege any causal connection between the lawsuit he filed against Jones and Filighera's conduct—nor any facts supporting such an inference.  Even though "a plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action," and the Second Circuit has "not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action," *Espinal*, 558 F.3d at 129, the facts here are not sufficient to plausibly

---

[1]     A review of the docket in *Santos v. Jones*, 19-CV-01042-EAW shows that Filighera was not a named defendant in Plaintiff's 2019 lawsuit.  Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Such judicial notice includes the Court's "own records" and "records of other cases in the same court."  *Ira S. Bushey & Sons, Inc. v. W. E. Hedger Transp. Corp.*, 167 F.2d 9, 12, 12 n.2 (2d Cir. 1948).

allege a causal connection. Specifically, Plaintiff filed his 2019 lawsuit against Jones on August 7, 2019, and alleges the sexual assault occurred April 28, 2022. (Dkt. 1 at 6). Without any other allegations supporting Plaintiff's claim, the gap of more than two years between Plaintiff's 2019 complaint and Filighera's alleged order to sexually assault Plaintiff is insufficient to support Plaintiff's retaliation claim. (Dkt. 1 at 6); *see, e.g.*, *Sanchez v. Conn. Nat. Gas Co.*, 421 F. App'x 33, 36 (2d Cir. 2011) (summary order) (holding that two years was insufficient to permit an inference of causality).

Consequently, the retaliation claims against Jones, Hessel, and Filighera are dismissed, but Plaintiff is granted leave to replead. To proceed beyond screening, an amended complaint must include facts that allege all the elements of a retaliation claim for each individual defendant against whom the claim is asserted.[2]

### C. Access to Courts

To sustain a denial of access to courts claim, an inmate must allege that he suffered an "actual injury," because a "nonfrivolous" legal challenge "had been frustrated or was being impeded" either by the actions of prison officials or by "shortcomings in the [prison] library or legal assistance program." *Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996); *accord Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004); *Rosado v.*

---

[2] After he filed the complaint, Plaintiff filed copies of grievances that allege additional retaliatory acts by Filighera. The complaint asserts that Filighera retaliated against Plaintiff for filing a lawsuit in 2019; the grievances assert that Filighera retaliated against Plaintiff for filing grievances about the 2022 sexual assault. The retaliatory conduct alleged in the grievances took place after Plaintiff filed this lawsuit. Because the retaliatory acts alleged in the recently-filed grievances appear unrelated to the claim against Filighera asserted in the complaint, the Court does not address them here. To the extent Plaintiff wants the Court to consider those allegations, in an amended complaint he may supplement the existing retaliation claim against Filighera or add an additional retaliation claim.

*Maxymillian*, No. 20-3965-CV, 2022 WL 54181, at *1 (2d Cir. Jan. 6, 2022) (summary order).  In the grievances filed in this action after he filed his complaint, Plaintiff alleges that in at least two instances since he filed this lawsuit, he has been denied access to the law library and legal research tools.  (Dkt. 10 at 2; Dkt. 14 at 1).  To the extent Plaintiff intended to assert a denial of access to court claim, or seeks to amend his complaint to include such a claim, he may do so in an amended complaint.

### D. Sexual Assault

The Supreme Court has "held repugnant to the Eighth Amendment punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'"  *Estelle*, 429 U.S. at 102 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)).  With respect to sexual misconduct, "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) (citing *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997)).

Other prison officials have the following duty to protect inmates from abuse:

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody.  Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with "deliberate indifference" to the safety of the inmate.  However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.

The test for deliberate indifference is twofold.  First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm.  Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent.  The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry.  Specifically, a prison official has sufficient culpable intent if

he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (internal citations omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).

Plaintiff alleges that on April 28, 2022, he was assaulted three times and raped twice by "Collins Correctional Facility Security personnel[.]"  (Dkt. 1 at 6; Dkt. 12 at 2; Dkt. 13 at 3; Dkt. 16 at 2).  He alleges Filighera ordered the Sexual Assault Doe Defendants to sexually assault him because Plaintiff had filed a "Sexual (PREA) Complaint" against Jones in 2019.  (Dkt. 1 at 6; Dkt. 11 at 2).  Plaintiff also alleges that Lt. Doe authorized Filighera to sexually assault Plaintiff and that Lt. Doe was directly involved in the assault. (Dkt. 1 at 7).

The governing statutes direct courts to dismiss complaints filed by prisoners and *pro se* plaintiffs if the allegations in the complaint fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915A(b)(1) (complaints filed by prisoners); 1915(e)(2)(B)(ii) (complaints filed *pro se*).  Thus, even at screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678; *see Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (although a complaint filed *pro se*, "must be construed liberally 'to raise the strongest arguments it suggests[, it] must state a plausible claim for relief") (citations, quotation marks, and brackets omitted); *accord Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (affirming district court's *sua sponte* dismissal of *pro se* plaintiff's amended complaint for failure to state a claim).

14

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Construing Plaintiff's complaint liberally and interpreting it "to raise the strongest arguments that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006), the Court is inclined to conclude that it plausibly alleges that prison officials assaulted Plaintiff on April 28, 2022. However, the Court needs more information before it can conclude that Plaintiff has plausibly alleged that (1) Lt. Doe authorized Filighera to assault Plaintiff and was directly involved in the assault, (2) Filighera ordered the Sexual Assault Doe Defendants to sexually assault Plaintiff, and (3) the Sexual Assault Doe Defendants perpetrated the assault.

To assist the Court in making its determination, in an amended complaint Plaintiff should describe everything he can recall about the assault. For example, the amended complaint should tell the Court the approximate time of the assault, the location where the assault took place, and how the Defendants assaulted him—that is, what the Defendants did to Plaintiff that caused his injuries. The amended complaint should also include physical descriptions of the assailants and should tell the Court whether all twenty-five Defendants physically assaulted him or if some Defendants made physical contact with him while other Defendants watched.  Finally, in an amended complaint, Plaintiff should include facts that show how he knows, as opposed to speculates, that

15

Filighera ordered the Sexual Assault Doe Defendants to sexually assault him and how Lt. Doe authorized the assault and was directly involved in the assault.

### E. Personal Involvement

A prerequisite for liability under § 1983 is the "personal involvement" of the defendant accused of the constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). It is not enough to assert that the defendant is "linked in the prison chain of command." *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, an action "cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti*, 983 F.3d at 618 (quotation marks and citation omitted).

It has long been established that an official's "failure to respond to a letter of complaint does not provide a sufficient basis to find that the defendant was personally involved in the deprivation alleged," *Rodriguez v. Rock*, No. 9:13-CV-1106 DNH, 2015 WL 5147045, at *6 (N.D.N.Y. Sept. 1, 2015) (collecting cases), and "the review, denial or affirmance of a denial of a grievance is insufficient to establish personal involvement" of a supervisor in the denial of a constitutional right, *Perrilla v. Fischer*, No. 13-CV-0398M, 2013 WL 5798557, at *7 (W.D.N.Y. Oct. 28, 2013).

Plaintiff's complaint generally avers that Superintendent Doe, Kelly, Parker, Smith, Fisher, Nue, the PREA Doe Defendants, and Grievance Officer John Doe did not address his grievances. (Dkt. 1 at 7-8). To the extent that Plaintiff attempts to base his claims against these Defendants on their mere receipt of grievances from Plaintiff, that is

16

insufficient, and the Court finds Plaintiff's complaint fails to allege their personal involvement.  Plaintiff may replead his claims against these Defendants to set forth facts that show how each individual defendant, through his or her own individual actions, has violated the Constitution.

The complaint also alleges that the above-named Defendants "denied to address [his] complaints of fear for [his] safety." (Dkt. 1 at 7-8).  A failure to protect/intervene claim brought under the Eighth Amendment turns on an analysis of two factors.  First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  Second, the inmate must show that the official demonstrated deliberate indifference to the inmate's safety.  *Id.*  Deliberate indifference can be plausibly alleged with facts that show that the official knew of and disregarded an excessive risk to the inmate's health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

In a failure to intervene context, "[a]n officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene."  *Rosen v. City of N.Y.*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009).  To the extent Plaintiff alleges a failure to protect/intervene claim against these Defendants related to the alleged sexual assault, the claims are dismissed with leave to replead because there is no indication in the complaint that these Defendants were present or otherwise had knowledge of the incident in time to protect Plaintiff or to intervene.

Plaintiff also alleges that Parker, Smith, and Fisher, Nue, and the PREA Doe Defendants failed to protect him when they did not move him or keep him separated from the officers who allegedly attacked him.  (Dkt. 1 at 7-8).  Because the allegations are wholly conclusory, these claims are dismissed. However, Plaintiff may replead to allege additional facts which show that he is incarcerated under conditions posing a substantial risk of serious harm and how each individual Defendant knew of and disregarded an excessive risk to his safety.[3]

### F. Claims Against Defendants in their Official Capacities

Plaintiff sues Defendants in their official capacities.  The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).  It is well settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  The Eleventh Amendment bar extends to agencies and officials sued in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985)*; see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (explaining that just as states and state agencies are not

---

[3]    The copies of grievances filed after Plaintiff filed his complaint allege facts that collectively may evince intimidation by Filighera, for example, pointing to blood on his shirt, filing a false misbehavior report against Plaintiff, denying Plaintiff participation in programs, making a "kiss face" toward Plaintiff, and making a remark about Plaintiff grieving the sexual assault.  (*See* Dkt. 11 at 2; Dkt. 13 at 3; Dkt. 16 at 2; Dkt. 17 at 4).  However, it is not clear that any of the above-named Defendants received these grievances.  (*See, e.g.*, Dkt. 9 at 5 (unnamed grievance supervisor reporting to Plaintiff that he had not received any of Plaintiff's complaints or grievances)).  Thus, the complaint does not plausibly allege that any of these defendants knew of an excessive risk to Plaintiff's safety.

"persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them).  Plaintiff may therefore sue Defendants in their official capacities only if they consent to be sued. *Pennhurst*, 465 U.S. at 98.  Since no such consent has been given, the Eleventh Amendment bars Plaintiff's suit against the individual Defendants in their official capacities, to the extent that such claims have been made.

## IV.    Motion to Appoint Counsel

Plaintiff has requested assignment of counsel.  (Dkt. 20).  In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance, and if the claim meets this threshold requirement, the Court should then consider a number of other factors in making its determination. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  This action was only recently commenced. Defendants have not yet responded to the allegations contained in the complaint.  The only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's complaint, wherein he states the facts surrounding his claims and which the Court has deemed insufficient.  Thus, at this stage, the Court lacks sufficient information to consider the factors set forth in *Hodge*.  Plaintiff's motion for appointment of counsel is therefore denied without prejudice as premature.

## V.    Motions to Amend Caption

Plaintiff requests permission to amend the caption of his original complaint to reflect the names of certain John Doe defendants.  (Dkt. 18; Dkt. 23).  If Plaintiff does not file an amended complaint this action will be dismissed and the caption will not need to be changed.  Should Plaintiff replead his claims, he may change the caption to reflect the

correct names.  Accordingly, the motions to amend the caption of the complaint are denied as moot.

## VI.     Motion for Prejudgment Remedies

In a motion brought pursuant to Federal Rule of Civil Procedure 64, Plaintiff requests Filighera's arrest and "the seizing of all defendants federal paychecks until discovery is completed," which could be construed as a request to garnish or attach his pay.  (Dkt. 24).  Under Rule 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64.  Such remedies "are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought," and include, *inter alia*, arrest, attachment, and garnishment.  *Id.*  Although Plaintiff cites Rule 64, the motion is not clear whether he seeks a remedy, a sanction, or something else.  In any event, the motion is premature.  If this action proceeds past screening, and thereafter a reason arises to invoke a state law remedy to secure satisfaction of the potential judgment, Plaintiff may refile.  Accordingly, Plaintiff's motion for prejudgment remedies is denied without prejudice as premature.

## VII.    Motions for Separation

Plaintiff filed two motions requesting to be separated from all Defendants— generally averring that after assaulting him, the Defendants continued to harass and retaliate against him.  (Dkt. 6; Dkt. 7).  On December 8, 2022, Plaintiff notified the Court he was transferred to Mid-State Correctional Facility.  (Dkt. 25).  The complaint asserts claims against Collins personnel and the Court is not aware of any named Defendant

continuing to have contact with Plaintiff.  Moreover, it is well settled "in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."  *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996).  Plaintiff's requests to be separated from his alleged attackers therefore appear to be moot and are denied.

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, his request to proceed *in forma pauperis* is granted. (Dkt. 2; Dkt. 5).  For the reasons set forth above, Plaintiff's claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) unless he files an amended complaint by **no later than forty-five days from the date of this Order** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each defendant so that the amended complaint stands alone as the only complaint that defendants must answer in this action.

As set forth herein, Plaintiff will be provided an opportunity to file an amended complaint addressing the deficiencies noted in this Order to state claims that are plausible on their face.  *See Iqbal*, 556 U.S. at 678.  The amended complaint, for each separate claim or act of misconduct alleged, shall specify (i) the alleged act of misconduct; (ii) the date or dates on which such misconduct took place; (iii) the name or names of each

individual Defendant who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus (connection) between such misconduct and Plaintiff's constitutional rights.  Plaintiff may attach exhibits to his amended complaint, but they must be relevant to the allegations of the amended complaint and organized in such a way that the Court and Defendants can read and determine their relevance; the Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint. Again, Plaintiff must name the individuals whom he seeks to include as defendants in this action in both the caption and the body of the amended complaint and the amended complaint must assert claims against each, and every Defendant named in the amended complaint.  If Plaintiff does not know the name of a defendant, he may name that individual as a John or Jane Doe defendant but, if he does so, he must provide sufficient information to enable the John or Jane Doe to be identified.

Plaintiff's motions to amend the caption (Dkt. 18; Dkt. 23) and motions for separation orders (Dkt. 6; Dkt. 7) are denied as moot.  Plaintiff's motions for prejudgment remedies (Dkt. 24) and for appointment of counsel (Dkt. 20) are denied without prejudice as premature.

## **ORDER**

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2; Dkt. 5) is granted; and it is further

ORDERED that Plaintiff's motions for separation (Dkt. 6; Dkt. 7) and to amend the caption (Dkt. 18; Dkt. 23) are denied as moot; and it is further

ORDERED that Plaintiff's motion for prejudgment remedies (Dkt. 24) and motion to appoint counsel (Dkt. 20) are denied without prejudice as premature; and it is further

ORDERED that Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice; and it is further

ORDERED that Plaintiff is granted leave to file an amended complaint as directed above by no later than **forty-five days from the date of this Order;** and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint as directed above, the complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b); and it is further

ORDERED that if the complaint is dismissed for failure to state a claim on which relief may be granted, the Clerk of Court shall close this case as dismissed with prejudice without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes.

The Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Elizabeth A. Wolford
Chief Judge
United States District Court

DATED: January 30, 2023
          Rochester, New York