UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRYAN SANTOS,

                      Plaintiff,

      v.

SERGEANT D. FILIGHERA, *et al.*,

                      Defendants
_____

**DECISION AND ORDER**

6:22-CV-06338 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Bryan Santos ("Plaintiff") was formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision . Following screening of his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), he was permitted to proceed to service on claims of sexual assault, excessive force, and deliberate indifference against certain defendants. (Dkt. 37 at 25-26). All other claims were dismissed with prejudice. (*Id.*). Plaintiff's sexual assault and excessive force claims relate to an incident on April 28, 2022, at the Collins Correctional Facility ("Collins CF"). (*See id.* at 7-10, 16).

Currently pending before the Court are three motions for sanctions filed by Plaintiff. (Dkt. 102; Dkt. 108; Dkt. 114). Each of Plaintiff's pending motions for sanctions concerns his claim that Defendants have failed to produce documents and evidence that he has requested. (*See* Dkt. 102 at 1; Dkt. 108 at 1; Dkt. 114 at 1-2).

Defendants have also filed a motion for sanctions. (Dkt. 112). Defendants seeks sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), because Plaintiff failed to appear for his noticed deposition. (*See* Dkt. 112-1).

For the reasons that follow, Plaintiff's motions for sanctions are denied. Defendants' motion for sanctions is granted to the extent described below.

## DISCUSSION

### I. Plaintiff's Motions for Sanctions

#### A. Background

In his first motion for sanctions, Plaintiff argues that Defendants have not "release[d] . . . all requested documents/evidence[.]" (Dkt. 102 at 1). He provides no further detail, but asks that "defendant Sergeant D. Filighera . . . be arrested until proper release of all requested documents," that Defendants' "paychecks . . . be attached . . . until discovery is completed," and that Defendants be fined $100,000 per day. (*Id*.). Plaintiff purports to make this request pursuant to Federal Rule of Civil Procedure 64. (*Id.* at 1-2).

Defendants filed a response to Plaintiff's first motion indicating that they did not know what discovery Plaintiff was referring to and were not aware of any outstanding discovery requests. (Dkt. 103 at 1). Defendants further stated that a USB drive containing all videos from the incident date (*i.e.*, April 28, 2022) had been delivered to Plaintiff in October 2024. (*Id.*).

Plaintiff's second and third motions for sanctions explain in more detail the items that Plaintiff claims have not been turned over to him. In the second motion

for sanctions, he identifies the following items as missing from Defendants' production: (1) unidentified "Video's and Audio's [sic]"; (2) "medical-mental health records"; (3) "OSI Records Regarding the incident"; and (4) "defendant's record of work Discipline within the year of 2022." (Dkt. 108 at 1). Plaintiff again asks for a sanction of $100,000 per day. (*Id.*).

In his third motion, Plaintiff identifies the following items as "Requested and have not recieved [sic]": (1) "Video's & Audio's [sic] of the 3rd Assault that Occurred Inside B2-gallery 48-Cell"; (2) "Video's & Audio's [sic] of all Body camera's [sic] worn as well as All handheld Camera recording"; (3) "'All' medical Records"; (4) "'All' ((OSI) Office of Special Investigation) Documents Related to their investigation of April 28, 2022"; (5) "'All' Mental health records"; and (6) "An exact Amount of times each defendent's [sic] have been written up & disciplined from the years of 2019-2023." (Dkt. 114 at 1-2). Plaintiff again requests $100,000 per day in sanctions, as well as a court conference. (*Id.*).

Defendants' responses to the second and third motions for sanctions address the specific discovery that Plaintiff claims is outstanding. Defendants represent that 14 videos were obtained from Collins CF and OSI. (Dkt. 111 at ¶¶ 5-6). These videos were provided to Plaintiff via a cloud uplink, but Plaintiff indicated that he could not view the videos via the link. (*Id.* at ¶ 7). Plaintiff was then sent a USB drive containing the videos, but indicated that he could not operate the USB drive. (*Id.* at ¶ 8). On January 6, 2025, Plaintiff came to defense counsel's office, and they viewed portions of 13 of the 14 videos, confirming that they had functioning audio and video.

(*Id.* at ¶ 10). The 14th video was not originally functioning, but defense counsel's technical support staff were able to make it viewable. (*Id.* at ¶ 11). Defense counsel offered to show the 14th video to Plaintiff at his deposition, which had been noticed for March 4, 2025, and to make the entire OSI investigation file available for inspection on that same date. (*Id.* at ¶ 12).

As to Plaintiff's medical records, they were received by defense counsel on February 14, 2025, and produced to Plaintiff on February 19, 2025. (*Id.* at ¶ 13). Defense counsel has requested Plaintiff's mental health records from the Central New York Psychiatric Center, but has not yet received a response. (Dkt. 116 at ¶ 10). These documents will be made available to Plaintiff when they are received. (*Id.*).

Finally, as to Defendants' disciplinary records, Defendants note that Plaintiff's sole discovery request was for records of discipline "within the year of 2022." (*Id.* at ¶ 11; *see* Dkt. 108). Plaintiff has been advised that there are no records of any discipline for Defendants within that period. (Dkt. 116 at ¶ 11).

**B.     Analysis**

As a threshold matter, Plaintiff has previously been advised by the Court that a motion under Rule 64 is appropriate only if "a reason arises to invoke a state law remedy to secure satisfaction of the potential judgment[.]" (Dkt. 27 at 20). This admonition has been repeated on multiple occasions. (*See* Dkt. 37 at 23; Dkt. 47). As on the past occasions when he has invoked Rule 64, Plaintiff has not shown that its standard has been satisfied. Rule 64 is not the appropriate vehicle for seeking to compel discovery.

Instead, motions to compel discovery are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Rule 37(d) allows a party to seek sanctions for a failure to comply with discovery obligations. "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

Plaintiff has not demonstrated that Defendants have failed to comply with their discovery obligations. Starting with the issue of video and audio recordings, "[c]ourts cannot order production of a non-existent document." *Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018). "Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible." *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (quotation omitted); *see also Breedlove v. Mandell*, No. 05-CV-6279P, 2008 WL 596864, at *2 (W.D.N.Y. Feb. 29, 2008) (denying motion to compel based on party's representation that there was no record of the documents seeking to be produced). "In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion." *Mason Tenders*, 318 F.R.D. at 42 (quotation omitted). "In other words, [the moving party] must cite to

specific evidence to challenge" the opposing party's assertion that no responsive documents exist. *Id.* Absent any such showing, "the Court accepts the representations of counsel." *Hollis v. Dep't of Mental Health,* No. 3:14 CV 00516 (AWT), 2016 WL 1408077, at *6 (D. Conn. Apr. 8, 2016).

In this case, defense counsel has represented that all existing video and audio recordings in the custody and control of Defendants have been produced or otherwise made available to Plaintiff. Plaintiff has not come forward with any specific evidence that additional videos exist, but simply insists that they must. This is not sufficient to satisfy his burden on a motion to compel or for sanctions. The Court is entitled to rely on representations made by defense counsel that the recordings have already been produced. *See Greer v. Carlson*, No. 20 Civ. 5484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[Defense] counsel is admitted to practice in this Court and is an officer of the Court. If a statement made by counsel is false, he can be subject to discipline. Thus, courts often rely upon statements made by counsel."); *see also Kozak v. Office Depot, Inc.*, No. 16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020) (relying on defense counsel's representation that it had produced all documents responsive to plaintiff's request, as "[t]he court is entitled to rely on the representations of counsel, as officers of the court") (citation omitted), *aff'd*, 2020 WL 5757183 (W.D.N.Y. Sept. 28, 2020).

The same analysis applies to Plaintiff's request for "all" of his medical records. Defense counsel has represented that Defendants have turned over the medical records in their custody and control. (*See* Dkt. 109; Dkt. 111 at ¶ 13). To the extent

Plaintiff is claiming that items are missing from the produced medical records, he must substantiate that claim with evidence. He has not done so.

As to Plaintiff's mental health records, the Court will not sanction Defendants for failing to turn over documents that they do not yet possess and have made diligent efforts to obtain. Defense counsel has represented that these documents have been requested from the appropriate source pursuant to the HIPAA authorization provided by Plaintiff, and that they will be made available to him as soon as they are received by defense counsel. Plaintiff has not demonstrated any failure by Defendants to comply with their discovery obligations as to the mental health records. *See* Fed. R. Civ. P. 34(a)(1) (a party is obliged to "produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control").

Defendants also did not violate their discovery obligations by offering to make the OSI investigation file available to Plaintiff at his deposition. "Rule 34 is clear that the defendants can satisfy their production obligations by making the requested materials available for inspection, and they have done so." *Rosa v. Cook*, No. 3:22-CV-00703, 2024 WL 3718264, at *2 (D. Conn. Aug. 8, 2024) (citation omitted). Plaintiff's decision not to appear at his deposition—which the Court discusses further below—does not constitute misconduct by Defendants.

Finally, as to Defendants' disciplinary records, Plaintiff has not demonstrated that Defendants failed to comply with their discovery obligations. Plaintiff has not shown that he ever requested disciplinary records outside the 2022 time frame, and

defense counsel has represented that no such records from the requested 2022 time frame exist.  Plaintiff has no evidence to contradict that representation.

For all these reasons, Plaintiff's three pending motions for sanctions (Dkt. 102; Dkt. 108; Dkt. 114) are denied.

### C. Other Requests Made by Plaintiff

In his various filings, Plaintiff has made other requests that the Court now addresses.  First, Plaintiff has on multiple occasions requested a Court conference to address Defendants' purported failure to turn over audio and video recordings. (*See* Dkt. 114 at 2; Dkt. 117).  The Court does not find such a conference necessary at this time.  If new information arises regarding this issue, Plaintiff may bring it to the Court's attention via motion practice.

Plaintiff has also requested to take "Video-ZOOM" depositions of all Defendants "once [he] receive[s] all requested documents." (Dkt. 108 at 1).  It is unclear to the Court to what extent Plaintiff ever sought to depose defendants or served notices of depositions.  If Plaintiff failed to depose Defendants prior to the fact discovery deadline (which was April 24, 2025) and still seeks to do so, he must file a motion to reopen discovery, and must specifically set forth reasons why he was unable to complete the depositions within the Court-ordered deadline.

Finally, Plaintiff has asked for the "re-filing" of Docket # 24. (Dkt. 108 at 1).  Docket # 24 was a motion by Plaintiff under Rule 64. (Dkt. 24).  There is no basis for it to be re-filed at this time, and Plaintiff has not shown that he is entitled to any relief under Rule 64.  This request is denied.

## II.   Defendants' Motion for Sanctions

### A.   Background

On January 21, 2025, defense counsel emailed Plaintiff to inquire as to dates Plaintiff would be available for deposition. (Dkt. 112-1 at ¶ 11). Plaintiff repeatedly failed to provide dates of availability, but instead took the position that he would not make himself available for deposition because he did not believe he had been provided with all the video and audio recordings he had requested. (*Id*. at ¶¶ 13-17).

On January 28, 2025, Defendants served and filed a Notice of Deposition on Plaintiff, providing for a video deposition of Plaintiff on March 4, 2025. (*Id*. at ¶¶ 3-4; *see* Dkt. 107). On March 3, 2025, defense counsel sent an email to Plaintiff reminding him of the deposition and that it would start at 10:00 a.m. (Dkt. 112-1 at ¶ 6). Plaintiff did not respond to this email. (*Id*. at ¶ 7). Plaintiff did not appear for the noticed deposition on March 4, 2025, or provide any excuse for his failure to appear. (*Id*. at ¶¶ 9-10). Plaintiff also did not respond to defense counsel's follow-up email inquiring why he did not appear and when he would be available in the future for a deposition. (*Id*. at ¶ 19).

Defendants filed their motion for sanctions on March 5, 2025. (Dkt. 112). The Court entered a scheduling order giving Plaintiff until March 26, 2025, to file a response. (Dkt. 113). Plaintiff did not respond to Defendants' motion.

### B.   Analysis

Pursuant to Rule 37(d), "[t]he court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent

. . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Such sanctions 'may include,' *inter alia*, prohibiting the disobedient party from introducing certain evidence, striking pleadings in whole or in part, staying proceedings, or dismissing the action." *Cerco Bridge Loans 6 LLC v. Schenker*, No. 23 CIV. 11093 (DEH), 2025 WL 622608, at *15 (S.D.N.Y. Feb. 26, 2025) (quoting Fed. R. Civ. P. 37(d)(3)). "The imposition of sanctions under Rule 37 is within the discretion of the district court[.]" *Purcelle v. Vedder*, No. 9:19-CV-0405 GLS/ML, 2020 WL 3513494, at *4 (N.D.N.Y. May 29, 2020), *adopted*, 2020 WL 3511988 (N.D.N.Y. June 29, 2020).

Here, the Court easily finds that Plaintiff failed to appear for his own deposition after being served with proper notice. Further, Plaintiff's unsupported belief that he has not been provided with video evidence that he believes exists does not excuse his failure to appear. Significantly, Plaintiff did not seek a protective order from this Court barring his deposition until additional discovery could occur—he simply unilaterally refused to appear. This was not permissible.

However, the Court is not persuaded by Defendants' argument that the extreme sanction of dismissal with prejudice is warranted in this case. "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations . . ., and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir.1994) (citation omitted). "The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal

with prejudice." *Purcelle*, 2020 WL 3513494, at *4.

Defendants argue that Plaintiff had the requisite notice here because the Notice of Deposition stated that "<u>If you fail to appear Defendants may seek sanctions up to and including dismissal of the case</u>." (Dkt. 112-2 at 1 (emphasis in original)). The Court is not persuaded. This warning said nothing about a dismissal <u>with prejudice</u>. Moreover, it did not come from the Court itself, but from opposing counsel. Defendants have cited no authority for the proposition that such a warning is sufficient to put a *pro se* party like Plaintiff on notice of the potential for dismissal.

However, the Court does find the alternative sanction proposed by Defendants is generally appropriate. (*See* Dkt. 112-2 at 5). Namely, the Court orders that Plaintiff pay the fee for the deposition he missed within 30 days of Defendants serving and filing a copy of the invoice. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014). **<u>Plaintiff is warned that his failure to pay this fee as ordered will result in the imposition of additional sanctions, including potentially the dismissal of this case.</u>**

The Court further orders Plaintiff to appear for a deposition to be conducted by video at a date to be chosen by Defendants, but no later than June 19, 2025. Defendants shall serve Plaintiff with a notice of deposition at least two weeks in advance of the chosen date, and shall file a copy of the same with the Court. **<u>Plaintiff is warned that his failure to appear for his deposition will result in the imposition of additional sanctions, including potentially the dismissal of</u>**

**this case**.[1]  The Court reopens discovery solely for the limited purpose of allowing Defendants to take Plaintiff's deposition.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motions for sanctions. (Dkt. 102; Dkt. 108; Dkt. 114).  The Court grants Defendants' motion for sanctions (Dkt. 112) to the extent that it orders Plaintiff to: (1) pay the fee for the deposition he missed within 30 days of Defendants serving and filing a copy of the invoice; and (2) appear for a deposition to be conducted by video at a date to be chosen by Defendants, but no later than June 19, 2025, as further discussed above.  **Plaintiff is warned that his failure to comply with the Court's Order will result in the imposition of additional sanctions, including potentially the dismissal of this case**.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: May 6, 2025
      Rochester, New York

---

[1]   The Court does not grant Defendants' request that all remaining discovery deadlines in this case be held in abeyance pending Plaintiff's payment of the deposition fee. (*See* Dkt.112-2 at 5). The Court does not find such a modification of the schedule necessary as part of its sanction and concludes that it would unnecessarily delay the progress of this case.  If Defendants believe there is good cause to modify the scheduling order, they may seek that relief by separate motion.