UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BYRON SANTOS,

Plaintiff,

v.

SERGEANT D. FILIGHERA, *et al.*,

Defendants

**DECISION AND ORDER**

**and**

**REPORT AND RECOMMENDATION**

22-CV-6338 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Byron Santos ("Plaintiff") was formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 on August 12, 2022. (Dkt. 1). Following screening of his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), Plaintiff was permitted to proceed to service on claims of sexual assault, excessive force, and deliberate indifference against certain DOCCS employees ("Defendants"). (*See* Dkt. 37 at 25-26).

Defendants have moved to dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's "long history of failing to prosecute the case and ignoring this Court's orders," including his failure to pay a sanction imposed by the Court after he failed to appear for his noticed deposition. (Dkt. 148-2 at 4). After Defendants moved to dismiss, Plaintiff filed two letter motions requesting extensions of time to pay the outstanding sanction. (Dkt. 151; Dkt. 153). For the

reasons that follow, Plaintiff's requests for extensions of time to pay the sanction are denied, and I recommend that the District Judge grant Defendants' motion and dismiss this case in its entirety, with prejudice.

## BACKGROUND

For purposes of this Decision and Order and Report and Recommendation, the relevant procedural history of this matter begins with the scheduling of Plaintiff's deposition.[1] On January 21, 2025, defense counsel emailed Plaintiff to inquire as to dates Plaintiff would be available for deposition. (Dkt. 112-1 at ¶ 11). Plaintiff repeatedly failed to provide dates of availability and instead took the position that he would not make himself available for deposition because he did not believe he had been provided with all the video and audio recordings he had requested. (*Id.* at ¶¶ 13-17).

On January 28, 2025, Defendants served and filed a Notice of Deposition on Plaintiff, providing for a video deposition of Plaintiff on March 4, 2025. (*Id.* at ¶¶ 3-4; *see* Dkt. 107). On March 3, 2025, defense counsel sent an email to Plaintiff reminding him of the deposition and that it would start at 10:00 a.m. (Dkt. 112-1 at ¶ 6). Plaintiff did not respond to this email. (*Id.* at ¶ 7). Plaintiff did not appear for the noticed deposition on March 4, 2025, or provide any excuse for his failure to appear. (*Id.* at ¶¶ 9-10). Plaintiff also did not respond to defense counsel's follow-up

---

[1] This case has been referred to the undersigned for all non-dispositive pretrial matters. (Dkt. 72; Dkt. 106).

email inquiring why he did not appear and when he would be available in the future for a deposition. (*Id.* at ¶ 19).

On March 5, 2025, Defendants filed a motion for sanctions based on Plaintiff's failure to appear for his deposition. (Dkt. 112). In a Decision and Order entered on May 6, 2025, the Court granted Defendants' motion in part but declined to impose the requested sanction of dismissal with prejudice. (Dkt. 119 at 10-11). Instead, and in addition to ordering Plaintiff to appear for a second video deposition, the Court ordered Plaintiff to pay the fee for his missed deposition within 30 days of Defendants serving him with a copy of the invoice and filing a copy of the same with the Court. (*Id.* at 11). The Court warned Plaintiff that "**his failure to pay this fee as ordered will result in the imposition of additional sanctions, including potentially the dismissal of this case.**" (*Id.*) (emphasis in original).

On May 6, 2025, Defendants served and filed a copy of an $82.00 invoice from the court reporting service retained for Plaintiff's missed deposition. (Dkt. 121; Dkt. 121-1). The 30-day deadline for Plaintiff to pay the $82.00 fee was accordingly June 5, 2025. On June 9, 2025, Defendants filed a second motion for sanctions, in which they indicated that Plaintiff had not paid the $82.00 fee and had not communicated with defense counsel about the payment. (Dkt. 123; Dkt. 123-1 at ¶¶ 5-6). Defendants' motion sought dismissal of this case pursuant to Federal Rule of Civil Procedure 37(d). (Dkt. 123; Dkt. 123-2 at 4).

On July 24, 2025, Defendants filed a letter requesting a discovery conference with the Court. (Dkt. 130). According to Defendants, at Plaintiff's deposition, which

was ultimately conducted on June 26, 2025, "Plaintiff revealed he had a full file of documents pertaining to his allegations in this matter that he had never produced." (*Id.*). When defense counsel asked Plaintiff to produce the documents immediately, Plaintiff agreed to do so. (*Id.*). However, Plaintiff did not thereafter produce the documents and did not respond to defense counsel's follow-up email. (*Id.*). The Court scheduled a telephone conference for August 7, 2025, before the undersigned to address the matter. (Dkt. 131). Plaintiff was mailed a copy of the Text Order scheduling the conference, as well as dial-in instructions. (*Id.*).

On August 7, 2025, defense counsel appeared for the conference by telephone. (Dkt. 132). Plaintiff did not appear. (*Id.*). During the conference, defense counsel advised the Court that he had not heard from Plaintiff since Defendants filed their request for a conference, and that Plaintiff had still not paid the fee for his missed deposition.

Later that same day, the Court entered an Order to Show Cause, directing Plaintiff to show cause in writing with a sworn affidavit within 30 days as to why this case should not be dismissed for failure to comply with the Court's directives and for failure to prosecute, based on his failure to pay the outstanding fee for his missed deposition and to appear for the August 7, 2025 telephone conference. (Dkt. 133).

On September 4, 2025, the Court received a letter motion from Plaintiff, dated August 31, 2025, purportedly "in regard to the Order to Show Cause." (Dkt. 134). In the letter, Plaintiff asked that the Court's sanction ordering him to pay the fee for his missed deposition "be set aside due to [his] unemployment status." (*Id.* at 1). Plaintiff

also asked for "an invoice of said sanction amount" (*Id.*), even though he been served with a copy of the invoice by Defendants on May 6th. Plaintiff further requested "a court hearing . . . to better understand w[h]ere this case stands[.]" (*Id.*). Plaintiff did not otherwise address his failure to appear for the August 7, 2025 telephone conference or explain why this case should not be dismissed.

On September 8, 2025, the Court entered an Order noting that Plaintiff's letter failed to respond to the underlying directive of the Order to Show Cause and was procedurally improper insofar as the Order to Show Cause directed him to show cause through a sworn affidavit. (Dkt. 135 at 1-2). However, given Plaintiff's *pro se* status and his submission of at least some form of response reflecting an interest in continuing to prosecute this case, the undersigned determined that a recommendation of dismissal was not warranted at that time. (*Id.* at 3). Instead, and considering Plaintiff's request for a hearing, the Court directed the parties to appear for an in-person conference before the undersigned on October 8, 2025, to address the outstanding issues holding the case up and Plaintiff's obligations in this litigation. (*Id.*). The Court warned Plaintiff that "**if he fails to appear for this conference as directed, the Court will impose appropriate sanctions, including potentially a recommendation that the matter be dismissed with prejudice for failure to comply with the Court's directives and for failure to prosecute**." (*Id.*) (emphasis in original). A copy of this Order was mailed to Plaintiff, as was a copy of a subsequent Order rescheduling the in-person conference for October 10, 2025. (*See* Dkt. 137). This subsequent Order, which was entered and

mailed on September 9, 2025, reiterated the Court's warning that failure to appear would result in the imposition of sanctions, including potentially a recommendation of dismissal with prejudice. (*Id*. at 1-2).

On October 10, 2025, defense counsel appeared for the in-person conference, but Plaintiff again failed to appear. (Dkt. 138). On October 22, 2025, the Court received a letter motion from Plaintiff, dated October 20, 2025, "requesting another date to present [himself] to Court," citing "schedul[ing] issues due to . . . physical therapy from an accident." (Dkt. 139). Plaintiff's letter did not otherwise address or explain his failure to appear for the October 10, 2025 conference, nor did the letter explain why he had not communicated his purported "scheduling issues" to the Court prior to the date of the conference. Nevertheless, and again in light of Plaintiff's *pro se* status, the Court granted Plaintiff's request for another conference and directed the parties to appear before the undersigned for an in-person conference on November 20, 2025. (Dkt. 140 at 2). The Court also denied Plaintiff's earlier request to "set aside" the monetary sanction for his missed deposition and mailed Plaintiff another copy of the invoice. (*Id.*; *see* Dkt. 140-1).

On November 20, 2025, both Plaintiff and defense counsel appeared for the in-person conference. (Dkt. 143). During the conference, the Court extended Plaintiff's deadline to pay the fee for his missed deposition to February 18, 2026, and later entered a Text Order memorializing the new deadline. (Dkt. 142). The Court further denied Defendants' pending sanctions motion seeking dismissal (Dkt. 123) as moot,

without prejudice to re-filing if Plaintiff did not pay the fee by the extended February 18, 2026 deadline. (Dkt. 142).

On February 19, 2026, Defendants filed a letter advising the Court that Plaintiff had not paid the fee by the extended deadline or communicated with defense counsel at all since the November 20, 2025 conference. (Dkt. 146 at 1). Defendants requested that the case be dismissed. (*Id.* at 2). The Court directed Defendants to make their request by formal motion. (Dkt. 147). Defendants filed the instant motion to dismiss pursuant to Rule 41(b) on February 24, 2026. (Dkt. 148). On February 26, 2026, Chief United States District Judge Elizabeth A. Wolford referred this motion to the undersigned for a report and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 149). That same day, the undersigned entered a Motion Scheduling Order, setting March 26, 2026, as the deadline for Plaintiff to respond to the motion to dismiss. (Dkt. 150 at 2).

On March 2, 2026, the Court received a letter motion from Plaintiff, dated February 27, 2026, requesting "[two] more weeks to pay the sanctions due to not knowing how [and] who to send it to," which Plaintiff says he "explained" to defense counsel. (Dkt. 151 at 1). On March 5, 2026, Defendants filed a response opposing Plaintiff's request for a two-week extension. (Dkt. 152). Defense counsel states that on February 20, 2026, Plaintiff emailed defense counsel stating that he intended "to send the money to the Court," but defense counsel informed Plaintiff "of his obligation to send the money to [defense counsel], and provided him the correct address." (*Id.* at ¶ 12). Plaintiff's email also "attached documents which had apparently been in his

possession since July of 2024, which he was producing for the first time." (Dkt. 148-2 at 3).

On April 30, 2026, the Court received another letter motion from Plaintiff, dated April 11, 2026, requesting "more time" to pay the sanction due to his re-incarceration. (Dkt. 153 at 1). Plaintiff also stated that he "signed a power of attorney in the last few days in order to pay [the] sanction." (*Id.*). On May 1, 2026, Defendants filed a response opposing Plaintiff's further request for an extension, noting that neither Plaintiff nor anyone purporting to be acting in his interests had contacted defense counsel. (Dkt. 154 at 1-2).

On July 20, 2026, the Court entered a Text Order instructing Defendants to "advise the Court in writing as to whether Plaintiff has subsequently paid the outstanding sanction or otherwise communicated with defense counsel since May 1, 2026." (Dkt. 155). On July 21, 2026, Defendants filed a letter stating that defense counsel had "not received payment of the sanction from Plaintiff" and had "received no communication from Plaintiff since May 1, 2026, by letter, call, email, or any other form of communication." (Dkt. 156). Beyond his two letter motions requesting extensions of the deadline to pay the outstanding sanction, Plaintiff has not filed any response to Defendants' motion to dismiss.

## DISCUSSION

### I. Plaintiff's Extension Requests

#### A. Legal Standard

"Federal Rule of Civil Procedure 6(b) governs requests for extensions of time." *Petaway v. Osden*, 827 F. App'x 150, 151 (2d Cir. 2020). Pursuant to Rule 6(b)(1)(B), "the Court may, for good cause, extend a deadline after it has expired if the party failed to act because of excusable neglect." *Fearnley Sec., Inc. v. Iwatani Corp. of Am.*, No. 1:25-MC-00223 (AT) (SDA), 2026 WL 1080331, at *5 (S.D.N.Y. Apr. 6, 2026); *see* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

"To establish excusable neglect . . . a movant must show good faith and a reasonable basis for noncompliance." *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998). In determining whether a party's neglect is excusable, the court should take into account: (1) "the danger of prejudice to the opposing party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was in the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004) (alterations omitted and quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). But "[w]hile those factors are the central focus of the inquiry, the ultimate determination depends upon a careful review of 'all relevant circumstances.'" *In re Am. Exp. Fin.*

*Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

**B. Application**

The Court first addresses Plaintiff's letter motions requesting extensions of time to pay the fee for his missed deposition. As these letters are dated after the extended February 18, 2026 deadline to pay this sanction, Plaintiff must show that he failed to meet the deadline because of excusable neglect. While there is some overlap in this instance between the excusable neglect and Rule 41(b) analyses, Plaintiff's extension requests do not require a recommended ruling and can be resolved in the first instance by the undersigned.

To that end, the Court does not find that any extension of time is warranted. Although the purported basis for Plaintiff's first extension request, dated February 27, 2026, is that he did not know how and to whom he should pay the sanction (Dkt. 151 at 1), defense counsel has submitted a sworn statement that he explained to Plaintiff on February 20, 2026—one week before Plaintiff's extension request—that he should send the money to defense counsel and gave Plaintiff the proper address to send it to. (Dkt. 152 at ¶ 12). Moreover, based on defense counsel's representations, Plaintiff did not inquire about the logistics of paying the sanction until his February 20, 2026 email—that is, two days after the deadline to pay. And to the extent Plaintiff had logistical questions about paying the sanction, he had over nine months prior to the deadline to raise these questions with either defense counsel or the Court, including at the in-person conference on October 10, 2025. In this respect, Plaintiff's

conduct evinces neither a good faith effort to pay the sanction by the deadline nor a reasonable basis for noncompliance.

The purported basis of Plaintiff's second extension request, dated April 11, 2026, is that he is having difficulty sending the payment to defense counsel due to his re-incarceration. (Dkt. 153 at 1). However, the New York City Department of Correction's Person in Custody Lookup Service, *see* https://a073-ils-web.nyc.gov/inmatelookup/pages/detail/body.jsf, indicates that Plaintiff was arrested on March 17, 2026—approximately a month after the extended deadline to pay the sanction and defense counsel's email instructing him how and to whom he should pay. As Plaintiff's letter does not elaborate on what difficulties he is facing in sending the payment to defense counsel, it is unclear if the issue is logistical in nature or a lack of funds. But in either case, it was well within Plaintiff's control to address these issues, if not by the February 18, 2026 deadline, then prior to his arrest.

Furthermore, Plaintiff has had multiple additional months since the filing of his extension requests to pay the outstanding sanction. Yet Plaintiff has still not paid the $82.00 fee or communicated with defense counsel regarding payment, despite representing to the Court in April that he had "signed a power of attorney in the last few days in order to pay [the] sanction." (*See* Dkt. 153 at 1). Lastly, Defendants have already been prejudiced by Plaintiff's prolonged failure to pay the sanction. Defendants are likely to incur further prejudice if the Court grants Plaintiff an additional extension, as Plaintiff has not provided any reasonable basis to believe

that additional time will lead to payment of the sanction or resolution of this ongoing matter.

For these reasons, Plaintiff has shown neither excusable neglect nor good cause for his belated extensions requests. Plaintiff's letter motions requesting extensions of time to pay the fee for his missed deposition (Dkt. 151; Dkt. 153) are therefore denied. The Court turns next to Defendants' motion to dismiss pursuant to Rule 41(b).

## II. Defendants' Motion to Dismiss

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Failure to prosecute . . . can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

"A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation omitted); *see also U.S. ex rel. Drake v. Norden Sys., Inc.*,

375 F.3d 248, 254 (2d Cir. 2004) (formulating same factors in the failure to prosecute context). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

A *pro se* plaintiff's "claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Id.* at 217 (quotation omitted). However, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994).

**B. <u>Application</u>**

Having carefully considered the foregoing factors, the Court concludes that a recommendation of dismissal with prejudice is appropriate based on Plaintiff's prolonged failure to comply with the Court's order to pay the fee for his missed deposition, in conjunction with his failure to otherwise prosecute this action.[2]

---

[2] The Court notes that Defendants' previous motion to dismiss sought dismissal pursuant to Rule 37(d) (*See* Dkt. 123; Dkt. 123-2 at 3). Under Rule 37(d), the Court may sanction a party who "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37(d) permits the imposition of any sanction listed in Rule 37(b)(2)(A)(i)-(vi), which includes "dismissing the action or proceeding in whole or in part." While the basis for dismissal here arises out of Plaintiff's failure to appear for his noticed deposition, it encompasses subsequent and much wider conduct, and it is therefore more appropriately analyzed under Rule 41(b). But in any event, "[t]he difference between dismissals under Rule 37(b) and Rule 41(b) is small, and the Second Circuit has recognized they are guided largely by the same analysis." *Peña v. Chocolate*, No. 10 CIV. 4067 BSJ KNF, 2012 WL 3957474, at *3 (S.D.N.Y. Sept. 10, 2012) (citing *Peters–Turnbull v. Board of Educ. Of City of New York,* 7 F. App'x 107, 110 (2d Cir. 2001)); *see also Bloodywone v. McCoy*, No. 19-CV-6773-EAW-MJP, 2024 WL 4329921, at *9 (W.D.N.Y. Mar. 26, 2024) (magistrate judge recommending dismissal pursuant to Rule 37 "based on [his] analysis of the factors for dismissal under Rule 41(b)").

With respect to the first factor, Plaintiff's failure to comply with the Court's sanction has persisted for a significant amount of time. The original deadline for Plaintiff to pay the fee for his missed deposition was June 5, 2025, over a year ago. *See Masjid Al-Arapha, Inc. v. JPMorgan Chase Bank, N.A.*, No. 21-CV-02153 (LDH), 2022 WL 4329459, at *2 (E.D.N.Y. Sept. 19, 2022) ("Dismissal is proper here. . . . [M]ore than a year has lapsed since Plaintiff was first directed to respond to Defendant's request for a pre-motion conference."). Even on its own, the nearly six-month delay since Plaintiff failed to comply with the February 18, 2026 extended deadline to pay the sanction is significant enough to warrant dismissal. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154-RPK-LB, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020) ("courts have consistently found that delays in the range of six months counsel in favor of [dismissal]").

Plaintiff's failure to prosecute has also caused a delay of significant duration. In the nearly 15 months since the Court imposed its sanction, Plaintiff appears to have taken little action to prosecute this case aside from sitting for his deposition (after being ordered to do so by the Court) and making a belated partial production of documents in February 2026, 10 months after the close of discovery (*see* Dkt. 80 at 2). *See Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (noting delay was "of significant duration" where the plaintiff had not taken any action to prosecute her case in more than 14 months besides sitting for her deposition). Together, Plaintiff's failure to pay the fee for his missed deposition, his failure to appear for multiple conferences necessitated by his noncompliance in

discovery, and his failure to prosecute his claims have brought this case to a standstill and are preventing it from moving forward.

As to the second factor, Plaintiff was on notice that his failure to comply with the Court's orders may result in dismissal. When the Court first ordered Plaintiff to pay the fee for his missed deposition in its May 6, 2025 Decision and Order, it explicitly warned Plaintiff that his failure to pay the fee would result in the imposition of additional sanctions, including potentially dismissal of this case. (Dkt. 119 at 11). The Court reiterated this warning when it entered its Order to Show Cause on August 7, 2025. (Dkt. 133 at 1). The Court also warned Plaintiff that his failure to appear for the in-person conference that took place on October 10, 2025, could result in a recommendation that this case be dismissed. (Dkt. 135 at 3; Dkt. 137 at 1-2).

As to the third factor, Defendants are likely to be prejudiced by a further delay in the proceedings. "[P]rejudice resulting from unreasonable delay may be presumed as a matter of law[.]" *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). For reasons already discussed, Plaintiff's failure to comply with the Court's orders and to prosecute this action have unreasonably delayed this matter, and the Court can thus presume prejudice. But even absent this presumption, further delay carries a risk of actual prejudice. Because the underlying allegations in this matter concern incidents from 2022, including one alleged incident that was apparently not recorded by video (*see* Dkt. 148-2 at 5-6), further delay may impact Defendants' ability to recall information relevant to their defense. *See Ruzsa v. Rubenstein & Sendy Attys at L.*,

520 F.3d 176, 177 (2d Cir. 2008) (noting that "further delay . . . was likely to prejudice [the defendant's] ability to defend against this suit, as the salient events receded even farther into the past") (quotation and original alterations omitted); *see also Millet v. Selip & Stylianou LLP*, No. 15-CV-00773-LJV-MJR, 2020 WL 5237767, at *2 (W.D.N.Y. Aug. 14, 2020) ("Lapses in time compromise witnesses' availability and their ability to accurately recall the pertinent events."), *adopted*, 2020 WL 5230802 (W.D.N.Y. Sept. 1, 2020). The Court also previously denied without prejudice Defendants' first motion seeking dismissal based on Plaintiff's failure to pay the fee for his missed deposition (Dkt. 123), so as to afford Plaintiff more time to pay. Further delay will prejudice Defendants by rendering yet another round of motion practice on this issue moot through no fault of their own.

The fourth factor requires the Court to balance its interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard. Here, "the fact that [Plaintiff] repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court." *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004). Moreover, Plaintiff's lack of response to the instant motion to dismiss (beyond his two extension requests that do not acknowledge the motion to dismiss) does not reflect an especially strong interest in having his claims heard on the merits.

This is not to say that Plaintiff's noncompliance in this matter has been "silent and unobtrusive." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). To the contrary, the Court has repeatedly invested time and resources into addressing Plaintiff's noncompliance, including scheduling a conference at Plaintiff's request for

which he failed to appear with no meaningful explanation. And following the Court's imposition of the sanction for his missed deposition, Plaintiff has only made sporadic filings, generally consisting of untimely and weakly-supported requests for extensions or continuances that vaguely allude to efforts to pay the sanction. But with no indication that he has made any progress in paying the sanction over this period of time, these filings appear to have been merely "a pattern of dilatory tactics" on Plaintiff's part. *Lyell Theatre Corp.,* 682 F.2d at 42.

Finally, as to the fifth factor, I find that lesser sanctions would be inadequate. The instant motion to dismiss stems in part from Plaintiff's prolonged failure to comply with a lesser (and fairly modest) monetary sanction. The Court also afforded Plaintiff a significant extension of time to pay the sanction—from June 5, 2025, to February 18, 2026—and he has had even more time to pay during the pendency of Defendants' motion to dismiss. In addition, past warnings that the Court will impose further sanctions, including dismissal, if Plaintiff does not pay the fee for his missed deposition or attend court appearances have been ineffective in spurring Plaintiff's compliance with the Court's orders. *See Randolph v. Griffin*, No. 12-CV-745S, 2021 WL 795311, at *3 (W.D.N.Y. Mar. 2, 2021) ("no lesser sanction would be appropriate as Randolph's repeated failure to comply with this Court's multiple dismissal warnings demonstrates that lesser sanctions would be ineffective"); *Martin v. City of New York*, No. 09 CIV. 2280 PKC JLC, 2010 WL 1948597, at *2 (S.D.N.Y. May 11, 2010) ("The fact that plaintiff was warned that noncompliance would result in

dismissal of her claims and chose not to comply illustrates that lesser sanctions would be insufficient to remedy her failure.").

In sum, each of the applicable factors militates in favor of dismissal. The undersigned accordingly recommends that the District Judge grant Defendants' motion (Dkt. 148) and dismiss this matter in its entirety, with prejudice, based on Plaintiff's failure to comply with the Court's orders and to prosecute this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's requests for extensions of time to pay the fee for his missed deposition (Dkt. 151; Dkt. 153) are denied, and I recommend that the District Judge grant Defendants' motion to dismiss pursuant to Rule 41(b) (Dkt. 148) and dismiss this matter in its entirety, with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Federal Rule 72(b), Federal Rule 6(a) and (d), and Local Rule 72(b).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

The District Judge will ordinarily refuse to consider on *de novo* review "arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance." *See Dallio v. Hebert*, 678 F. Supp. 2d 35, 41, n.1 (N.D.N.Y. 2009); *see also Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

SO ORDERED.

Colleen D. Holland
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: August 5, 2026
Rochester, New York